IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 15-193 |
| | ) |
| Ann E. Harris, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.      Introduction**

Pending before the court is a motion for early termination of probation filed by counsel on behalf of defendant Ann E. Harris ("Harris") (ECF No. 177). Harris argues that she is entitled to early termination because she paid her fine, completed 100 hours of community service and did not violate any conditions of supervision, including during 8 years of presentence release. She asserts that the condition limiting her ability to travel imposes a "substantial burden" on her. The probation office does not oppose the motion (ECF No. 177-1 at 10). The government filed a response stating it does not oppose the motion (ECF No. 179). The motion is ripe for decision.

For the reasons set forth in this opinion, including the court's consideration of the factors set forth in 18 U.S.C. § 3553(a) and the interest of justice, Harris's motion for early termination of probation will be denied without prejudice.

**II.     Discussion**

The submissions of the parties did not address the law that governs requests for early termination of probation and did not apply the factors this court must consider to the circumstances of this case.

### A. Applicable Law

Requests for early termination of probation (in contrast to motions for early termination of supervised release) are governed by 18 U.S.C. § 3564. That statute provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant... at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

"District courts within the Third Circuit routinely apply the guidance applied by the Third Circuit when addressing motions for early termination of supervised release pursuant to § 3583(e)." *United States v. Tolley*, No. 3:21-CR-194, 2025 WL 83745, at *1 (M.D. Pa. Jan. 13, 2025) (citations omitted). There is, however, one statutory difference. As explained in *Tolley*:

> Although this Court agrees that the Third Circuit's standards set forth when addressing motions for early termination of supervised release pursuant to § 3583 provide significant guidance, a difference in the statutory language between § 3564(c) and § 3583(e) arguably requires Courts reviewing a motion for early termination of probation to consider a factor specifically omitted from the consideration of a motion for early termination of supervised release. Specifically, pursuant to § 3583(e), a court may modify or terminate a term of supervised release "after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." **Section 3583(e) clearly omits** from the Court's consideration the need for the sentence imposed "**to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**" as set forth in 18 U.S.C. § 3553(a)(2)(A). The Third Circuit has explained that this is because "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012). **In contrast, § 3564(c) does not exclude consideration of § 3553(a)(2)(A)** and instead contains a more general direction that a court must "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable" when determining whether the modify or terminate a term of probation.

*Id.* at *1 n.1 (emphasis added). In considering Harris' motion, this court will consider (in addition to the other factors) whether early termination of her probation would "reflect the

seriousness of the offense, "promote respect for the law" and "provide just punishment for the offense."[1]

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *accord* § 3564(c). District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. *Melvin*, 978 F.3d at 52-53.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* at 53 (quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in *Melvin* explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

---

[1] As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

*Id.* The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances ***must*** be shown." *Id.* (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3564(c) to determine whether early termination of Harris's term of probation is warranted by her conduct and is in the interest of justice.

### B. Section 3553(a) Factors

#### 1. *The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)*

Harris engaged in a very serious and long-lasting conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. At least through the time of sentencing, Harris continued to be employed by her co-conspirator, Joseph Nocito ("Nocito"). The tax loss with respect to Harris was determined to be $4,044,946, which resulted in a base offense level of 24 under the sentencing guidelines. After adjustments, her final offense level was 19. With her criminal history category of I, the guideline **imprisonment** range was 30 months to 37 months. Because she was in Zone D, a term of probation was not appropriate under the sentencing guidelines. After considering the submissions of the parties and other matters, the court granted Harris a substantial downward variance in imposing her original sentence. The 24-month term of <u>probation</u> she is currently serving is significantly less than the low end of the guidelines term of <u>imprisonment</u>.

---

[2] The court of appeals explained that the language in *United States v. Laine*, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. *Melvin*, 978 F.3d at 53.

Based upon the representations by Harris in her motion, she has done very well in the community while on probation. The court took her law-abiding conduct while on presentence release into consideration when imposing the initial sentence. The only particular hardship caused by the terms of her probation identified by Harris in her motion involves her ability to travel. Harris did not provide any information about the probation office's ability or willingness to accommodate her individual circumstances or the efforts she made to request approval for travel. No such requests were presented to the court.

The seriousness of the crime outweighs Harris' law-abiding history and characteristics and current circumstances. This factor weighs against early termination of probation.

> **2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, § 3553(a)(2)(A).**

The tax fraud conspiracy Harris engaged in was serious, long-lasting and reflected a blatant disrespect for the law. The record reflected that Nocito built a palatial home by mischaracterizing (with Harris' active assistance) the construction costs as business expenses. Nocito, as a certified public accountant, knew he was defrauding the government. The disrespect for the law was heightened by Nocito's wealth – he could afford to pay his taxes. Nocito refused to disclose his actual financial circumstances and instead wrote a check for the maximum fine authorized by statute. Harris profited from the conspiracy by her continued employment with Nocito. *See* Supplemental Presentence Report ¶ 54 (ECF No. 170). The crime was not a momentary lapse of judgment or a fraught choice made during desperate circumstances or under the influence of drugs or alcohol. Instead, the crime involved a series of conscious, deliberate decisions to commit fraud made by mature individuals. The seriousness of the crime is reflected by the sentencing guideline recommendation of 30-37 months in prison.

5

This factor weighs against early termination of probation.[3]

> ### 3. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)*

The court acknowledges that Harris, herself, is unlikely to engage in further criminal conduct and she does not need educational or vocational training or other correctional treatment. The need for the sentence to afford adequate general deterrence, however, troubled the court in imposing the original sentence, i.e., whether a term of probation, rather than imprisonment, would be sufficient to deter similar criminal conduct and protect the public. In light of the serious nature of Harris's criminal conduct, the court concludes that a reduction in Harris' term of probation would not adequately deter criminal conduct by others.

This factor weighs against early termination of probation.

> ### 4. *The sentencing range established by the Sentencing Commission, § 3553(a)(4)*

As explained above, the applicable guideline range for Harris' crime was 30-37 months of imprisonment. The guidelines recommended that the prison term be followed by 1-3 years of supervised release. The court granted a significant downward variance and imposed a term of probation (24 months) that was less than the low end of the recommended term of imprisonment

---

[3] To be clear, the court would deny Harris' motion even without consideration of this unique § 3564 factor, because the other facts, like the supervised release factors in § 3583, do not support early termination.

(30 months) and without any term of supervised release. Harris already benefited from a significantly reduced sentence.

This factor weighs heavily against early termination of probation.

> **5. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).**

No pertinent policy statements were raised by the parties with respect to this matter.

> **6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).**

Early termination of the term of probation may exacerbate an unwarranted sentencing disparity between Harris and other defendants with similar records who have been found guilty of similar conduct. She already benefited from a significant sentence reduction.

This factor weighs heavily against early termination of probation.

> **7. The need to provide restitution to any victims of the offense, § 3553(a)(7).**

The court recognizes that Nocito completed the restitution obligation on behalf of himself and Harris. This factor is neutral.

### C. Whether early termination is warranted and in the interest of justice

Harris asserts that she is succeeding in the community and has remained "crime free." Compliance with the conditions of supervision is *required* behavior while serving a term of probation. The fact of Harris's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on her and the community.

Harris's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of her crime and the need to deter criminal conduct, the interests of justice are best served by Harris completing her 2-year term of probation.

The only hardship Harris articulated posed by her current conditions of supervision involved travel. Harris did not identify any specific travel she was unable to take; she did not identify any efforts to seek accommodation from the probation office; she did not present any travel requests to the court; and she did not explain any particularized need to engage in travel except for her personal enjoyment.

Harris' desire to engage in personal travel does not warrant early termination of probation. If there are particular trips she wishes to take, the court encourages Harris to communicate with her probation officer to seek approval for that travel. If she is dissatisfied with the probation office's response, she may present an appropriate motion to the court.

### III. Conclusion

Based upon the foregoing, the court will deny the motion for early termination of probation (ECF No. 177) without prejudice. In the event Harris's circumstances change, she may file a new motion for early termination of probation.

An appropriate order follows.

BY THE COURT:

Dated: April 15, 2025

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge